UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| VICKIE MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:16-cv-176 |
| | ) |
| NATIONAL CREDIT ADJUSTERS, LLC | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT**

Plaintiff, VICKIE MOORE ("Plaintiff"), through his attorneys, The Law Firm of Michael Alan Siddons, Esquire, alleges the following against Defendant, NATIONAL CREDIT ADJUSTERS, LLC, ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. 227, et seq. ("TCPA").

3. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that

1

"[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

6. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

**JURISDICTION AND VENUE**

7. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k.

8. Jurisdiction of this Court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

9. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

10. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

11. Plaintiff is a natural person residing in Beltsville, Prince George's County, Maryland.

12. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

13. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

14. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

15. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

16. Defendant is a national collection agency headquartered in Hutchinson, Reno County, Kansas.

17. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

18. When an unpaid, outstanding account is placed with Defendant it is assigned an account number.

19. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

20. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

21. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

22. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

23. As noted above, in 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

24. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(l)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

25. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

26. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express

consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

27. The TCPA prohibits the use of any "automatic telephone dialing systems" to call cellular telephones. It also prohibits the use of artificial or prerecorded messages.

    a. "Automatic telephone dialing system" means any equipment that has the "*capacity* to dial numbers without human intervention." *Griffith v. Consumer Portfolio Serv., Inc.,* 2011 WL 3609012 (N.D. Ill. Aug. 16, 2011) (emphasis original).

## FACTUAL ALLEGATIONS

28. Defendant is attempting to collect a consumer debt from Plaintiff.

29. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

30. In or around August of 2015, Defendant began communicating with Plaintiff in an attempt to collect the alleged debt.

31. In or around August of 2015, Defendant began placing calls to Plaintiff on Plaintiff's home telephone number, ending in 2141, and Plaintiff's cellular telephone number, ending in 4605.

32. Defendant places calls to Plaintiff from 202-836-8878, which is one of Defendant's telephone numbers.

33. In or around the months of August, September, October, and November of 2015, Plaintiff spoke to Defendant's collectors on the telephone several times and told

Defendant's collectors to stop calling Plaintiff.

34. Despite the Plaintiff's multiple requests, Defendant continued to place calls to Plaintiff's home and cellular telephones in an attempt to collect the alleged debt.

35. Defendant calls Plaintiff at an annoying and harassing rate, calling up to several times per day.

36. On or around November 18, 2015, Defendant called Plaintiff four (4) times.

37. Defendant uses an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place its repeated calls to Plaintiff.

38. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

39. Defendant frequently uses skip-tracing services to locate telephone numbers used by consumers whom Defendant wishes to call.

40. Defendant's calls are placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

41. Under the TCPA and pursuant to the FCCs January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that the Plaintiff provided express consent within the meaning of the statute because it is the best entity to determine how numbers were attained.

42. Plaintiff is not a customer of Defendant's services, and has never provided her cellular telephone number to Defendant for any purpose whatsoever.

43. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her

6

cellular telephone pursuant to 47 U.S.C. 227(b)(1)(A).

44. Even if Defendant received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice, "prior express consent" was revoked when Plaintiff spoke to Defendant and told Defendant to stop calling.

45. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

46. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

47. Defendant violated the FDCPA based on, but not limited to, the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, and abuse any person in connection with the collection of an alleged debt when Defendant continued to call Plaintiff repeatedly after Plaintiff told Defendant several times to stop calling her; and

   b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff when Defendant continued to call Plaintiff repeatedly after Plaintiff told Defendant several times to stop calling her.

48. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, VICKIE MOORE, respectfully requests judgment be entered against Defendant, NATIONAL CREDIT ADJUSTERS, LLC, for the following:

49. Actual damages, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

50. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

51. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

52. Any other relief this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

53. Plaintiff repeats and re-alleges paragraphs 1-46 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

54. Defendant made unsolicited commercial phone calls to the wireless telephone number of Plaintiff using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, *as* evidenced by the pre-recorded nature of the calls.

55. These phone calls were made without the prior express consent of Plaintiff.

56. Defendant's conduct therefore violated the TCPA by:

   a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, VICKIE MOORE, respectfully requests judgment be entered against Defendant, NATIONAL CREDIT ADJUSTERS, LLC, for the following:

57. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47

U.S.C. 227(b)(3)(B).

58. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

59. Plaintiff is entitled to and seek injunctive relief prohibiting such conduct in the future.

60. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

January 18, 2016                    By: /s/ Michael A. Siddons
                                        Michael A. Siddons
                                        Attorney #89018
                                        The Law Firm of Michael Alan Siddons, Esquire
                                        230 N. Monroe Street
                                        PO Box 403
                                        Media, PA 19063
                                        Tel: 410-705-0970
                                        msiddons@siddonslaw.com
                                        Attorney for Plaintiff